ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EDGAR A. CRUZ ORTIZ<br><br>Apelante<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Apelado | KLAN202400380 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: TJ2023CV00614<br><br>Sobre: Reclamación de Salarios (Ley Núm. 2 de 17 de octubre de 1961); Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico a 28 de junio de 2024.

Comparece Edgar A. Cruz Ortiz ("Apelante" o "señor Cruz Ortiz") mediante recurso de *Apelación* y solicita la revisión de una *Resolución* notificada el 3 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el TPI desestimó la demanda instada por el señor Cruz Ortiz, por insuficiencia en el diligenciamiento del emplazamiento.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Resolución* apelada, pero por distintos fundamentos.

**I.**

El 18 de diciembre de 2023, el señor Cruz Ortiz presentó una *Demanda* sobre reclamación de salario y daños y perjuicios en contra de la Corporación del Fondo del Seguro del Estado ("Apelado" o "CFSE"), al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.* ("Ley 2-1961"). El apelante alegó que, el 10 de enero de 2023, su interinato como Director

de Presupuesto Interino en el Área de Finanzas de la CFSE, fue terminado al indicarle, de forma verbal, que desde el 1 de enero de 2023 no estaba autorizado a realizar el interinato. Asimismo, adujo que, el 19 de enero de 2023, había recibido una carta dando por terminado el interinato, efectivo al 11 de enero de 2023. No obstante, adujo que, desde el 1 de enero de 2023 hasta el 11 de enero de 2023, había continuado llevando a cabo gestiones propias del puesto de Director de Presupuesto. Por tal razón, solicitó ante el TPI que se le ordenara a la CFSE el ajuste salarial del señor Cruz Ortiz para concederle un aumento salarial equivalente a un tipo retributivo de su puesto, retroactivo al 12 de enero de 2023, así como una cantidad igual a la que se le ha dejado de pagar por concepto de compensación adicional por haber realizado el interinato durante cuatro (4) años.

Además, solicitó una partida por los daños y angustias mentales reclamados. Particularmente, sostuvo que, la situación vivida el 11 de enero de 2023, al ser denegado acceso a su oficina, le provocó una gran humillación, lo cual lo colocó en un estado de nervios, llantos y ansiedad. Asimismo, adujo que, como resultado, al día siguiente, acudió al Hospital Capestrano para una evaluación, donde le recomendaron una hospitalización parcial y donde ha continuado recibiendo tratamiento psicológico y psiquiátrico.

Ese mismo día, presentada la *Demanda*, el TPI expidió el emplazamiento dirigido a la CFSE. El 17 de enero de 2024, la CFSE compareció mediante una *Comparecencia Especial para Moción de Desestimación por Falta de Jurisdicción en la Persona y la Materia*. En esta, adujo que, el emplazamiento diligenciado indicaba que había sido diligenciado en la CFSE el 2 de diciembre de 2023, lo cual era imposible porque fue expedido el 18 de diciembre de 2023. Asimismo, arguyó que el señor Cruz Ortiz no había agotado los remedios administrativos, previo a acudir ante el TPI. Por tanto, sostuvo que el foro primario carecía de jurisdicción para atender la controversia.

El 6 de marzo de 2024, el señor Cruz Ortiz presentó su oposición a la solicitud de desestimación instada por la CFSE. En síntesis, adujo que el emplazamiento fue diligenciado el 2 de enero de 2024. Señala, además, que cuando se entregó diligenció el emplazamiento, el mismo fue ponchado en el Área de Asesoría Jurídica con la fecha de 33 de diciembre de 2023 y que, encima de ese ponche, se puede leer, escrito a mano e iniciado, 2 de enero de 2024. Asimismo, aduce que, en la primera página de la *Demanda* entregada a la CFSE y anejada en la comparecencia especial, se puede leer una nota a mano que indica lo siguiente: "CFSE Asesoría Jurídica Ofic. Director 2024 Enero 2 1:57p SDC". Por tanto, alegó que la CFSE conocía la fecha en la cual comenzaron a transcurrir los términos para presentar su alegación responsiva.

Por otro lado, sobre la alegación de que no agotó los remedios, el señor Cruz Ortiz arguyó que la demanda de epígrafe fue presentada como una reclamación de salarios al amparo de la Ley 2-1961, *supra*, y, por consiguiente, no tenía que agotar los remedios administrativos. Además, sostuvo que la Junta de Apelaciones de la CFSE no estaba facultada para conceder una indemnización por daños y, por tanto, carecía de jurisdicción.

El TPI emitió una *Resolución* el 2 de abril de 2024, notificada el 3 del mismo mes y año, mediante la cual desestimó la causa de acción por insuficiencia en el diligenciamiento del emplazamiento. El foro primario determinó que, no existía controversia en torno a que el emplazamiento fue expedido el 18 de diciembre de 2023, pero fue diligenciado el 2 de diciembre de 2023. Así las cosas, concluyó que, el emplazamiento de la CFSE era nulo, por insuficiencia en el diligenciamiento y, por tanto, el Tribunal no adquirió jurisdicción sobre el demandado. Ante tal determinación, el foro apelado determinó que no procedía la discusión sobre el agotamiento de los remedios administrativos.

Inconforme, el 15 de abril de 2024, el señor Cruz Ortiz acudió ante esta Curia mediante recurso de *Apelación.* El apelante señaló la comisión de los siguientes errores:

> **Erró el TPI al resolver que no existe controversia en cuanto a que el emplazamiento para el demandado se expidió el 18 de diciembre de 2023 y fue diligenciado el 2 de diciembre de 2023.**

> **Erró el TPI al declarar con lugar la moción de desestimación por falta de jurisdicción en la persona y resolver que el emplazamiento hecho a la Corporación del Fondo del Seguro del Estado es nulo por insuficiencia en el emplazamiento.**

El 15 de mayo de 2024, la CFSE presentó su alegato en oposición.

Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210 DPR 384, 394 (2022). Ante ello, los tribunales tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas ante ellos, puesto que estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Shell Chemical v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007). La falta de jurisdicción sobre la materia conlleva las siguientes consecuencias inexorablemente fatales: (1) esta falta de jurisdicción no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal, ni el tribunal puede abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos (nulidad absoluta); (4) los tribunales tiene el ineludible deber de auscultar su propia

jurisdicción; (5) los tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso; (6) el planteamiento del foro de donde procede el recurso; y (7) el planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento, por cualesquiera de las partes o por el tribunal motu proprio. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Como es sabido, los tribunales de Puerto Rico son de jurisdicción general, por lo que pueden entender en cualquier asunto, salvo que se les prive de jurisdicción en una materia particular. *Clases A, B y C v. PRTC,* 183 DPR 666, 686 (2011); *CBS Outdoor v. Billboard One, Inc. et al.*, 179 DPR 391, 403 (2010). A esos efectos, la doctrina de jurisdicción primaria, también conocida como la doctrina de prelación de jurisdicción, surgió de forma jurisprudencial y, en esencia, procura establecer quién posee la facultad inicial de atender una controversia, si un foro judicial o un ente administrativo. D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da Ed., Colombia, Ed. Forum, 2001, pág. 433. La aplicación de esta doctrina presupone una jurisdicción concurrente o simultánea entre el organismo administrativo y el foro judicial. *Báez Rodríguez et al. v. ELA*, 179 DPR 231, 239 (2010). Es decir, la doctrina de la verdadera jurisdicción primaria, como también se le conoce, dilata o suspende la intervención judicial hasta tanto el asunto se dilucide en un foro administrativo, a pesar de que un tribunal tiene jurisdicción para adjudicarlo en primera instancia. *CBS Outdoor v. Billboard One, Inc. et al., supra*, pág. 405. Se trata, pues, de atender una cuestión de prioridad de jurisdicción para promover la armonía entre los tribunales y las agencias administrativas. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1057 (2013).

Para examinar si la doctrina de jurisdicción primaria es aplicable a determinada situación de hechos, es esencial tomar en cuenta lo dispuesto por el estatuto habilitador del organismo administrativo o alguna ley especial. Le corresponde al tribunal emprender la tarea de

examinar los alcances de la ley habilitadora de la agencia y determinar si es "imprescindible y necesario que se resuelva en favor de que intervenga inicialmente la agencia". *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 430 (2012). Esta doctrina no constituye una camisa de fuerza y, por tanto, no aplica "cuando '[l]a naturaleza de la causa de acción presentada y el remedio solicitado destacan que no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea sea puramente judicial'". *Íd.*, págs. 430-431.

Es decir, la regla general para la aplicación de esta doctrina es que el tribunal retiene su jurisdicción si se trata de una cuestión de estricto derecho, mientras que cede su jurisdicción al foro administrativo en los casos en los que el peritaje de la agencia resulte indispensable para resolver la controversia. *Íd.* Ahora bien, en el supuesto de que un mandato legislativo exprese que la agencia tiene facultad única para atender el asunto, estamos ante una situación de jurisdicción exclusiva, por lo cual, no es de aplicación la doctrina de jurisdicción primaria. *Aguadilla Paint Center v. Esso*, 183 DPR 901, 932 (2011).

Por tanto, cuando la ley habilitadora de una agencia o una ley especial establece que ésta tiene jurisdicción sobre un asunto, nos encontramos ante una situación a la cual aplica la doctrina de jurisdicción exclusiva y no la de jurisdicción primaria. Ante ello, la controversia no puede ser atendida primeramente por un tribunal, toda vez que la ley expresamente le confiere jurisdicción exclusiva a la agencia para atender el asunto en primera instancia. Aunque la doctrina de jurisdicción primaria y la de jurisdicción exclusiva guardan relación entre sí, se distinguen en cuanto a su alcance y naturaleza. *Íd.*, pág. 932. "[L]a jurisdicción exclusiva se trata de situaciones en que no aplica la doctrina de jurisdicción primaria concurrente porque la propia ley aclara que esta última no existe". *Íd.* En otras palabras, el propio estatuto establece una jurisdicción exclusiva. En tales casos estamos frente a un mandato

legislativo. "De ahí, que cuando un estatuto le confiere de manera expresa la jurisdicción a un órgano administrativo sobre determinado tipo de asuntos, los tribunales no tendrán autoridad para dilucidar el caso en primera instancia. Claro está, la jurisdicción primaria exclusiva no soslaya la revisión judicial posterior de la decisión del organismo". *Íd.* (Énfasis suplido).

Por consiguiente, cuando por mandato de ley la Asamblea Legislativa le confiere jurisdicción exclusiva sobre un asunto particular a un organismo administrativo, queda vedada toda autoridad judicial para dilucidar el caso en primera instancia. *Clases A, B y C v. PRTC, supra,* pág. 685. Consecuentemente, es imprescindible examinar la ley habilitadora de la agencia y otras disposiciones legales aplicables a la materia de la controversia. *Báez Rodríguez et al. v. ELA, supra,* págs. 240-241. Por el contrario, si no se desprende de la ley habilitadora o de otro estatuto aplicable la jurisdicción exclusiva del organismo administrativo, existe entonces concurrencia de jurisdicción entre los tribunales y la agencia, y el tribunal deberá razonar si procede la aplicación de la doctrina de jurisdicción primaria.

**-B-**

La doctrina de agotamiento de remedios administrativos determina "la etapa en la cual el litigante puede recurrir a los tribunales". *E.L.A. v. 12,974.78 Metros Cuadrados,* 90 DPR 506, 513 (1964). En nuestro ordenamiento, la doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial que se circunscribe a que los tribunales, discrecionalmente, se abstengan de revisar la actuación de una agencia hasta tanto la parte afectada por dicha actuación agote todos los remedios administrativos disponibles, de manera tal, que la determinación administrativa refleje la postura final de la agencia. *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1057 (2013) citando a *Mun. de Caguas v. AT&T,* 154 DPR 401, 408 (2001). De ordinario, su aplicación se realiza en aquellos casos en los cuales una parte, que instó o tiene instada alguna

acción ante una agencia u organismo administrativo, recurre a algún tribunal sin antes haber completado todo el trámite administrativo disponible. *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004).

A modo de excepción, la Sec. 4.3 de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* ("LPAU"), 3 LPRA sec. 9673, dispone lo siguiente:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Nuestro Más Alto Foro ha sido enfático en destacar que, la necesidad de agotar los remedios administrativos, antes de acudir al foro judicial, es un requisito jurisdiccional que impide la intervención judicial, hasta tanto culminen los procedimientos ante la agencia. *Acevedo v. Mun. de Aguadilla*, 153 DPR 788 (2001). De tal modo, se evita que la parte interesada obvie "el procedimiento de revisión interna de la agencia a fin de acelerar la revisión judicial". *Mun. de Caguas v. At&T*, *supra*, a la pág. 407.

Ahora bien, el Tribunal Supremo ha expresado que procede la desestimación del caso judicial ante la aplicación de la doctrina de remedios administrativos. *Rivera v. E.L.A.*, 121 DPR 582, 597 (1988). No obstante, una parte no tendrá que agotar los remedios administrativos cuando se reclaman daños y la agencia administrativa no los puede conceder. *Íd.* Por el contrario, si la agencia administrativa no tiene facultad para conceder los daños, procede suspender la acción judicial hasta que culmine el trámite administrativo para resolver si proceden los daños reclamados. *Íd.* Asimismo, nuestro Más Alto Foro ha manifestado

que **la reclamación de daños y perjuicios no puede utilizarse "como un subterfugio para burlar la obligación de agotar los remedios administrativos o para restarle finalidad a una determinación administrativa" cuando en el pleito judicial subyacen controversias que deben ser adjudicadas primero por el foro administrativo**. (Énfasis nuestro). *Igartúa de la Rosa v. A.D.T.*, 147 DPR 318, 333 (1998).

**-C-**

De conformidad con la ley habilitadora de la CFSE, Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como *Ley del Sistema de Compensaciones por Accidentes del Trabajo*, 11 LPRA sec. 1b-4 y 8, el Administrador de la CFSE está facultado "a organizar y administrar su propio sistema de personal sin sujeción a la ley de personal aplicable a los empleados públicos, pero sujeto al principio de mérito". *Pérez López v. CFSE*, 189 DPR 877, 884 (2013); *González Segarra et al. v. CFSE*, 188 DPR 252, 283-284 (2013). Asimismo, en la administración de su sistema de personal, la CFSE se debe regir por el reglamento de personal adoptado a esos efectos. *González Segarra et al. v. CFSE*, *supra*, en la pág. 284.

El Reglamento Núm. 6226 de 6 de noviembre de 2000, según enmendado, conocido como *Reglamento de Personal para los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado* ("Reglamento de Personal"), en su Art. 18 establece las funciones de la Junta de Apelaciones. Particularmente, establece lo siguiente:

ARTÍCULO 18-JUNTA DE APELACIONES

Sección 18.1 Creación

Con el fin de atender y resolver en forma diligente, ordenada y justa todas las controversias, quejas y querellas que pudieran surgir por parte de los empleados gerenciales o cualquier persona ajena que entienda que la Corporación o sus funcionarios le han violentado de alguna manera sus derechos respecto a las áreas esenciales al principio de mérito, se crea la Junta de Apelaciones, la cual contará con su propio Reglamento, el cual será aprobado por esta Junta de Directores y el(la) Administrador(a).

Sección 18.02 Funciones

La Función de la Junta será la de **servir de organismo apelativo a los empleados gerenciales sobre las decisiones del Administrador, referente a cualquier acción relacionada a las áreas esenciales al principio de mérito o cualquier acción de carácter disciplinario.**

La Junta también tendrá facultad para conocer y resolver apelaciones en caso de ciudadanos que aleguen que una acción o decisión del Administrador respecto al área esencial de reclutamiento viola su derecho a ingresar como empleado gerencial en la Corporación en contravención del principio de mérito.

(Énfasis nuestro)

De igual manera, el *Reglamento de Personal de la Junta de Apelaciones de Empleados Gerenciales*, de 31 de agosto de 1999, de la CFSE, en su Art. 5 dispone la jurisdicción de la Junta de Apelaciones:

La Junta será el organismo al cual podrán acudir los empleados gerenciales, para apelar decisiones del Administrador de la Corporación del Fondo del Seguro del Estado, o de la persona en quien éste delegue, en cuanto a:

5.1 **Destituciones, suspensiones de empleo, sueldo, beneficios marginales, licencias, cesantías, amonestaciones o cualquier acción de carácter disciplinario o ligados al principio de mérito**.

5.2 Controversias relacionadas a la adjudicación de plazas y reclasificaciones.

5.3 **Alegaciones de violación del Reglamento de Personal**.

5.4 Casos de separación de empleados en período probatorio cuando la acción sea motivada por discrimen de raza, color, sexo, nacimiento, edad, origen o condición social, condición marital, ideas políticas, creencias religiosas o impedimento físico o mental.

5.5 Aquellos empleados que cualifiquen a empleo o ascenso y que aleguen violaciones al principio de mérito en reclutamiento de empleados para el puesto solicitado por ellos.

5.6 La Junta no tendrá jurisdicción en apelaciones provenientes de:

a. Empleados representados por alguna entidad sindical certificada para negociar colectivamente con la Corporación, excepto cuando se trate de competencia a un puesto gerencial o desempeño de funciones gerenciales.

b. Empleado de confianza en virtud de las disposiciones de la Sección 6.2 del Reglamento de Personal.

    c. Personas que presten servicios en la Corporación en virtud de un contrato.

(Énfasis nuestro).

**III.**

El señor Cruz Ortiz nos solicita que revoquemos la *Resolución* emitida el 2 de abril de 2024. En síntesis, el apelante alega que erró el TPI al desestimar la demanda por insuficiencia en el diligenciamiento del emplazamiento.

Por su parte, la CFSE aduce que el emplazamiento hecho era nulo, ya que el emplazador consignó que el emplazamiento fue diligenciado el 2 de diciembre de 2023, lo cual resulta improcedente dado que fue expedido el 18 de diciembre de 2023. De igual manera, el apelado sostiene que el TPI carecía de jurisdicción sobre la materia porque el apelante no agotó los remedios administrativos.

En primer lugar, nos corresponde atender el planteamiento sobre falta de jurisdicción, al amparo de la doctrina de agotamiento de remedios administrativos. Conforme surge del expediente, la *Demanda* trata sobre una reclamación de salarios y daños y perjuicios instada al amparo de la Ley 2-1961, *supra.* El señor Cruz Ortiz, entre otras, solicitó que el TPI le ordenara a la CFSE concederle un aumento salarial, equivalente a una retribución, retroactiva al 12 de enero de 2023.

Según hemos reseñado, el Art. 18 del Reglamento de Personal de la CFSE es claro al establecer que la Junta de Apelaciones es el organismo creado por la CFSE para atender toda controversia, queja y querella que pueda surgir por parte de un empleado gerencial que considere que se le han violentado sus derechos respecto a las áreas esenciales al principio de mérito. De igual manera, el Art. 5 del Reglamento de la Junta de Apelaciones de Empleados Gerenciales, *supra,* dispone que la Junta de Apelaciones es el organismo al cual podrá acudir un empleado gerencial para apelar decisiones del Administrador de la CFSE sobre alegaciones

de violación del Reglamento de Personal y cualquier acción ligada al principio de mérito, entre otras.

Luego de revisar el Reglamento de Personal, *supra*, y el Reglamento de la Junta de Apelaciones de Empleados Gerenciales, notamos que ninguno de ellos le concede autoridad a la Junta de Apelaciones para otorgar una indemnización de daños y perjuicios. Mediante la *Demanda* presentada ante el Tribunal de Primera Instancia, el señor Ortiz Cruz peticionó una indemnización por alegados daños sufridos como consecuencia de dar por terminado su interinato como Director de Presupuesto Interino. Resulta menester destacar que, en el caso de autos, la causa de acción en daños y perjuicios surge como consecuencia de una alegada violación al Reglamento de Personal, *supra*. Según hemos reseñado, la Junta de Apelaciones es el organismo con jurisdicción para atender controversias que surjan al amparo de violaciones al referido reglamento.

Por consiguiente, al amparo de la aludida reglamentación, la Junta de Apelaciones es el organismo con jurisdicción exclusiva para atender la demanda de epígrafe. Cabe destacar que, el apelante solicita un aumento de salario por la labor realizada como Director de Presupuesto Interino y daños ocasionados por la terminación de su interinato, causas de acción cobijadas bajo la jurisdicción de la Junta de Apelaciones, conforme dispuesto en el Art. 5 del Reglamento de Personal, *supra*. Resulta forzoso concluir que el TPI carece de jurisdicción para atender la demanda de epígrafe, toda vez que el señor Cruz Ortiz no agotó los remedios administrativos antes de acudir al Tribunal.

Como corolario, no nos corresponde discutir los errores señalados en el recurso de *Apelación*.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Resolución* apelada, pero por fundamentos distintos a los aplicados por el TPI.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones