LOMAS DE CAROLINA CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado; MARTÍN ROSADO, interventor.

*Número:* O-73-23      *Resuelto:* 5 de septiembre de 1973

*Carlos Santos Correa* y *Luis E. López Correa,* abogados de la peticionaria; *Marcos Rivera Genaro,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El tribunal de instancia rechazó la moción para desestimar de la compañía constructora aquí peticionaria frente a la demanda de daños y perjuicios de un comprador de vivienda por defectos de construcción, fundada dicha moción en que tratándose de defectos que aparecieron dentro de los dos años siguientes al otorgamiento del título de propiedad, debió el comprador agotar la alegada vía administrativa provista por el Art. 11 de la Ley Núm. 130 de 13 de junio de 1967 (17 L.P.R.A. sec. 511), conocida por el prolongado nombre de "Ley de la Oficina del Oficial de Construcción adscrita a la Administración de Renovación Urbana y Vivienda." Expedimos *certiorari* a solicitud de la constructora.

█ Es deseable que controversias sobre hechos complicados en asuntos regulados por normas de alta especialidad y para cuya interpretación se requiere un conocimiento técnico o científico particular, se ventilen en primera instancia ante un organismo administrativo especializado[1] que por razón de su limitado campo dispone del tiempo y desarrolla la capacidad para acopiar datos y experiencias, observar e inspeccionar sobre el terreno, aplicar precedentes y evaluar las reclamaciones hasta llegar a decisiones justas y

[1] "La uniformidad y la consistencia en la regulación de los asuntos encomendados a una agencia en particular se logran, y las limitadas funciones de revisión por las cortes se ejercitan con mayor raciocinio, acudiendo en primera instancia para la determinación o interpretación de las circunstancias bajo la cuestión legal, a las agencias mejor equipadas que las cortes por su especialización, su percepción ganada en la experiencia y la flexibilidad de sus procedimientos." *Far East Conference* v. *United States,* 342 U.S. 570, 574–75. *Cf. E.L.A.* v. *12,974.78 Metros Cuadrados,* 90 D.P.R. 506, 511 y ss (1964).

uniformes. Notamos, sin embargo, que el tipo de caso como el presente no plantea cuestiones factuales tan intrincadas que requieran una previa intervención de la agencia administrativa. No es buen principio de justicia el que sacrifica el bienestar del pueblo en nombre de la conveniencia administrativa aunque se la llame economía procesal y a ese extremo reprobable llegaríamos en este caso si desviáramos de las cortes hacia la agencia administrativa la querella del comprador de vivienda.

La Ley de la Oficina del Oficial de Construcción citada no provee un foro administrativo adecuado para ventilar las querellas de los optantes o compradores de vivienda. Resulta una pieza legislativa que tiene más de intento y buenos propósitos que de concreción remedial. Su Art. 11 (17 L.P.R.A. sec. 511) no es ni siquiera una invitación sino una rendición al azar y al criterio del ciudadano desde sus palabras iniciales que en lo pertinente copiamos: "(a) Cuando . . . cualquier comprador de una vivienda, dentro del término de dos años de haberse otorgado la escritura final de compraventa de la misma, presente, mediante declaración jurada, por duplicado, una querella en la que se alegue que un urbanizador o constructor ha incurrido en una práctica indeseable de construcción, y que ha requerido previamente a dicho urbanizador o constructor para que se remedie la práctica sin que éste así lo haya hecho, el Oficial de Construcción hará que se radique la misma, previa notificación al querellado. . . ."

¿Y qué remedio se ofrece en dicha Oficina del Oficial de Construcción? En último análisis ninguno, como ahora veremos. A dicha Oficina se llega después que el comprador de vivienda ha requerido al urbanizador o constructor para que corrija el defecto o la práctica indeseable de construcción, habiéndose negado éste (Art. 11 (a) Ley citada). Luego el estatuto establece un procedimiento que de prevalecer el querellante, culmina en la llamada "Orden afirmativa para remediar o corregir" que libra el Oficial pero que si no en

todos, en la mayoría de los casos será un pronunciamiento vacuo, pues depende para su eficacia de que el urbanizador o constructor acepte de buen grado y se avenga a la decisión del Oficial de Construcción ya que según dispone dicho Art. 11 en su apartado (f) "Si hubiere controversia en cuanto al monto de los gastos, ésta será dilucidada en un juicio ordinario ante los tribunales de justicia de Puerto Rico." Es decir, esta ley deja en manos de la parte contratante más poderosa la decisión de acatar o no el fallo del funcionario administrativo y en este último caso la facultad de convertir en tiempo perdido todo lo actuado ante la agencia, obligando al comprador de vivienda a empezar otra vez su reclamación en el Tribunal General de Justicia.

Los procedimientos bajo el citado Art. 11 no proveen el grado de alivio o remedio a la querella del ciudadano que justifique remitir la del presente caso a dicha agencia bajo la doctrina de jurisdicción primaria. "Las cortes que juzgan reclamaciones a veces esperan hasta que la agencia administrativa que tiene especial competencia en esa materia ha emitido una decisión sobre el asunto.", tiene declarado el Tribunal Supremo de los Estados Unidos en *Best v. Humboldt Mining Co.*, 371 U.S. 334, 338, pronunciamiento que Davis (²) considera normativo en el uso de la jurisdicción primaria, aceptable cuando el caso llega al tribunal en grado de revisión, con unas determinaciones factuales y decisión del Administrador que guían e ilustran con su especial dominio del campo el criterio del tribunal. No es este el caso bajo la Ley Núm. 130 de 13 de junio de 1967 que nos ocupa. Aquí la corte no tiene el beneficio de ninguna determinación razonada de la agencia administrativa, pues la ley ordena que se dilucide la cuestión en "juicio ordinario". Es inevitable la conclusión de que el legislador no se propuso crear una esfera de decisión administrativa previa o coexistente con el foro judicial pues todavía

---

(²) Davis, *Administrative Law Treatise*, 1970 Supplement, sec. 19.01, pág. 624.

en el Art. 17 (17 L.P.R.A. sec. 517) ordena: "Nada de lo aquí dispuesto se interpretará como una restricción o limitación al derecho que por el Código Civil de Puerto Rico, o por cualquier otra ley se conceda en los casos de reclamaciones cubiertas por este Capítulo." Lo que dicha Ley Núm. 130 ofrece al comprador de vivienda defraudado es una elección, no de remedios, sino de sanciones contra el constructor. Si logra superar las insuficiencias del procedimiento señalado en la Sec. 11 (17 L.P.R.A. sec. 511) teóricamente al menos podrá provocar la revocación de la licencia del constructor (Art. 7 Ley (17 L.P.R.A. sec. 507(c) (d)) o su encarcelamiento por desacato (17 L.P.R.A. sec. 511(g)). ¿Acaso corregirá esta acción disciplinaria del Estado las paredes agrietadas y los pisos defectuosos en el hogar del demandante? Evidentemente dicha sanción complacería a un reclamante sádico o vengativo pero no al hombre sencillo de nobleza de alma que anhela un hogar bien construido y no la desgracia o la ruina del constructor.(³) No le queda otra alternativa que acudir al tribunal donde la sanción económica contra el constructor es al mismo tiempo remedio al agravio sufrido por descuido o incompetencia de éste.

■ Ante la realidad de que la Ley Núm. 130 del Oficial de Construcción(⁴) no provee remedio adecuado a los perjudicados por la ineptitud y negligencia del constructor o urbanizador, y que tampoco hace compulsorio un previo trámite administrativo, las cortes deberán aceptar en jurisdicción original las reclamaciones de los compradores de vivienda, y en los casos en que se establezca la legitimidad de la reclamación asumir la protección de la ciudadanía y honrar el loable

---

(³) El castigo conturba el ánimo tanto del que lo sufre como del que lo impone; siempre representa un fracaso del ser humano que en cierta medida a todos empobrece.

(⁴) Los poderes y facultades del Oficial de Construcción fueron transferidos a la Administración de Servicios al Consumidor por Ley Núm. 148 de 27 de junio de 1968 (23 L.P.R.A. sec. 1002).

propósito que satura la exposición de motivos de la Ley Núm. 130.

*Se dictará sentencia anulando el auto de certiorari expedido y disponiendo la remisión del expediente al tribunal de origen para la continuación de los procedimientos consistentes con esta opinión.*

Los Jueces Asociados, Señores Martínez Muñoz y Martín, concurren en el resultado.