CERVECERÍA INDIA, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. HÉCTOR A. COLÓN CRUZ, JUEZ, demandado; ORANGE CRUSH OF P.R., INC., interventors.

Número: O-75-114     Resuelto: 17 de abril de 1975

*Wilfredo Pérez Candelaria, Eugenio Alemañy Fernández* y *Nicanor Laguillo Rodríguez,* abogados de la peticionaria; *A. J. Amadeo Murga,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Dos foros adjudicativos públicos son disputados por las partes en este caso. Los hechos son sencillos: En el foro administrativo, la peticionaria Cervecería India, Inc., denominada en lo sucesivo *Cervecería,* fue objeto de una querella ante el Departamento de Asuntos del Consumidor (DACO) promo-

vida por la interventora Orange Crush of Puerto Rico, Inc., en lo sucesivo *Orange Crush,* por alegadamente haberle cobrado indebida y a sobreprecio un sinnúmero de refrescos (gaseosas) de distintos sabores. El 16 de mayo de 1974 el Administrador de DACO dictó una Resolución declarando probados los hechos esenciales de la querella e imponiendo una multa administrativa de $100.00 por cada violación para un total de $600.00. No conforme, la peticionaria presentó una solicitud de reconsideración, la cual a las fechas más adelante expuestas no había sido resuelta por dicho organismo administrativo.

Al poco tiempo, en 19 de julio de 1974 y por los mismos hechos, la Orange Crush radicó en el Tribunal Superior, Sala de San Juan, demanda en cobro de dinero contra la Cervecería India reclamando triple daño en virtud del Art. 4 de la Ley Núm. 97 del 19 de julio de 1953 que dispone:

"Cualquier persona que compre un artículo o servicio especial a un precio en exceso del máximo establecido por un reglamento u orden del Administrador, podrá dentro de un año a partir de la fecha de la compra del artículo o servicio esencial reclamar del vendedor daños por tres veces el total del sobreprecio más las costas y los honorarios de abogados que el tribunal determine. Cuando el triple del sobreprecio resulte menor de $25 el comprador tendrá derecho a $25 por concepto de daños en cada violación más las costas y los honorarios de abogado que el tribunal determine." (23 L.P.R.A. sec. 704.)

La peticionaria Cervecería India solicitó la desestimación aduciendo falta de jurisdicción por los fundamentos de no ser final y firme la resolución del Administrador de DACO y no haberse agotado los remedios administrativos. El tribunal de instancia negó tal remedio y ello motivó la presente solicitud de *certiorari.*

En 14 de marzo de 1975 emitimos la siguiente Resolución:

"Vista la petición de certiorari presentada por Cervecería India, Inc. y documentos anexos y las disposiciones de la Ley Núm. 5 de 23 de abril de 1973, en cuyo artículo 16 se reconoce

el mecanismo de reconsideración de una determinación administrativa, y apareciendo que la peticionaria utilizó dicho trámite y que están pendientes de resolución sus planteamientos; surgiendo que la causa de acción de la Orange Crush of Puerto Rico, Inc. está fundada en el referido dictamen administrativo, se expide una orden para que muestre causa por la cual no deba expedirse el auto de certiorari solicitado y oportunamente desestimarse sin perjuicio su demanda por el fundamento de ser prematura."

En oposición, Orange Crush ha comparecido aduciendo y argumentando en síntesis lo siguiente: la acción de cobro de dinero está basada en el artículo de ley antes dispuesto y no en el dictamen de DACO; el procedimiento administrativo pendiente trata sobre una querella en la cual ella no es parte y en la cual sólo se dispuso sanción de multa administrativa y ninguna a su favor; y es aplicable a la situación de autos el principio expuesto en *Bachman* v. *Peñagaricano, Admor.*, 87 D.P.R. 41 (1962) en el sentido de que en determinadas circunstancias, la acción judicial en cobro de canon de arrendamiento pagado en exceso no exige determinación previa del administrador.

Sólidos principios jurídicos nos impiden convenir con tales planteamientos. Expondremos brevemente los fundamentos de nuestra conclusión, aun cuando invertiremos el orden de los planteamientos de la interventora. Veamos:

■ Es doctrina reiterada que una acción judicial a la cual es acreedora una parte—con génesis en el incumplimiento de un reglamento u orden de un organismo administrativo como DACO—por regla general y en ausencia de disposición estatutaria expresa que así lo autorice, debe posponerse hasta que el trámite administrativo, incluyendo el de la revisión judicial, finalice. [1] El argumento de que Orange Crush no

---

[1] Irrespectivamente de no ser aplicable al caso de autos la decisión de *Bachman*, supra, por tratarse de una acción de triple daño basada en canon de arrendamiento, su lectura pone de manifiesto la doctrina expuesta y las excepciones al respecto no presentes en el caso ante nos.

es parte en el procedimiento y de que no obtuvo remedio a su favor no milita en contra. Si bien la resolución del Administrador consigna como *parte* al "Departamento de Asuntos del Consumidor", lo cierto es que de sus propios términos surge que la parte querellante que inicia la querella, por resultar directamente afectada por las alegadas prácticas de la allí querellada Cervecería India, no es otra que la demandante, aquí interventora Orange Crush. Habiendo identidad entre el trámite administrativo no culminado y el judicial comenzado, resulta obvia la conclusión de que la demanda en cobro de dinero es prematura.

■ Abona a lo anterior, que nada impide que estando pendiente la reconsideración, el Administrador de DACO en virtud de la facultad dispuesta en el inciso (d) del Art. 13 de la Ley Insular de Suministros—adicionado mediante la Ley Núm. 70 de 31 de mayo de 1972—disponga el mismo remedio solicitado por la aquí interventora en el Tribunal. Tal autoridad es clara según el lenguaje de ley que consigna:

"Cuando el Administrador luego de celebrada audiencia, a instancias de un consumidor querellante determine que se ha vendido un artículo o producto en contravención a los reglamentos de precios establecidos, *tendrá facultad para ordenar al querellado a pagar al querellante una cantidad en concepto de daños. La cantidad a ser adjudicada en concepto de los daños será el triple de la diferencia entre el precio fijado por el Administrador y el precio a que se vendió el artículo o producto al consumidor o veinticinco (25) dólares, la cantidad que sea mayor."* (23 L.P.R.A. sec. 744 (d)—Énfasis suplido.)

■ Finalmente, estimamos oportuno señalar que puede coexistir la disposición que autoriza la acción directa de triple daño por sobreprecio reconocida en la Ley Núm. 97 de 19 de julio de 1953, *supra*, con la disposición de la Ley Núm. 70 mencionada que faculta al Administrador, en casos apropiados, a imponer igual remedio. Esta última no deroga expresamente la primera, reflejando el escaso historial legislativo dis-

ponible una intención legislativa manifiesta de que haya una adjudicación inicial y total de la querella y posibles daños en el foro administrativo sin eliminar o derogar la acción directa. A tal efecto, orientador es el Informe de la Comisión que entendió en la Ley Núm. 70:

"Alcance de la Medida

El Artículo 4 de la Ley número 97 de 19 de junio de 1953 establece que cualquier persona que compre un artículo o servicio esencial a un precio en exceso del máximo establecido por orden o reglamento de la Administración de Servicios al Consumidor, puede reclamar del vendedor daños por tres veces el total del sobreprecio. El hecho de que el remedio dispuesto, sea a través de la vía judicial ha sido un favor negativo para que se establezcan estas reclamaciones. El ciudadano estima que el costo y el tiempo que conlleva un litigio en los tribunales, no es compensado por la suma que puedan recobrar [sic.]

Por tal razón se cree conveniente crear un procedimiento administrativo para bregar en estos casos. Esto aumentará no solo el número de personas que se beneficiarán, sino que constituirá un mecanismo adicional para lograr la implementación de los reglamentos de precios que establezca la Administración de Servicios al Consumidor.

La medida además dispone que en caso de una violación a un reglamento de precios la compensación mínima a concederse será de $25. Esto tiene que ser así, porque si el exceso sobre el precio fijado fuese de unos centavos solamente, como sucede en los colmados, sería inoperante una compensación de tres veces esos centavos, ya que no estimularía a nadie establecer una reclamación por unos centavos y resultaría costosa una vista administrativa para imponer esa compensación.

Por considerarla una medida vital para la protección del consumidor se recomienda la aprobación de la misma." *Diario de Sesiones de 1972*, pág. 1057.

Habida cuenta de las variadas alternativas, resolvemos que la acción directa está disponible cuando no se ha acudido por cualesquiera razones al foro administrativo (DACO). Ahora bien, una vez se ha optado por tramitar la querella en la esfera administrativa, la acción judicial directa

queda suspendida, supeditada a que dicho trámite finalice y el Administrador provea sobre el remedio de triple daño. ([2])

Concluir lo contrario contribuiría a desarticular los procesos adjudicativos propiciando en dos foros distintos ([3]) la dilucidación de un mismo asunto—validez de un precio y sanciones —derrotando los propósitos de ambas disposiciones.

*Se expide el auto de certiorari y se dictará Sentencia desestimando por falta de jurisdicción en esta etapa la demanda en cobro de dinero.*

El Juez Asociado, Señor Martín, no intervino.

---

([2]) Resultan distinguibles jurídica y factualmente y no aplicables al caso de autos, los razonamientos válidos expuestos en *Lomas de Carolina Corp.* v. *Tribunal Superior*, 101 D.P.R. 574 (1973) y *Hernández Denton* v. *Quiñones Desdier*, 102 D.P.R. 218 (1974) los cuales giran sobre querellas en el campo de la construcción.

([3]) En tal eventualidad, *quaere* si el término de un año del Art. 4 de la Ley Núm. 97 queda afectado y válidamente interrumpido por haberse interpuesto la acción en el organismo adjudicador equivalente al foro judicial en el esquema de la pieza legislativa más recientemente aprobada.