PALMAS DEL MAR CO., INC., demandante y recurrente, *v.* KENNETH S. NIDDRIE, demandado y recurrido.

*Número:* R-82-524      *Resuelto:* 8 de febrero de 1983

*Jorge Calero Blanco,* de *Nigaglioni, Palou & Ledesma,* abogado de la recurrente; *Paul Salamone Velilla* y *Leonardo Andrade,* de *O'Neill & Borges,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Después de practicadas las pruebas en juicio, el Tribunal Superior desestimó por falta de jurisdicción la demanda de desahucio en precario de Palmas del Mar Co., Inc. contra su arrendatario Niddrie, cuyo contrato de arrendamiento para operar una taberna en los predios de la demandante había terminado por expiración de su término. La única razón para así decidir fue la pendencia ante el Departamento de Asuntos del Consumidor (DACO) de una querella del inquilino en que alega que Palmas del Mar le exige nuevo contrato con alquiler irrazonable. La arrendadora demandante planteó la falta de jurisdicción de DACO e inaplicación de la Ley de Alquileres Razonables tanto por ausencia de tope en la renta pactada que tiende a sustraerla del límite de $400 mensuales, como por ser dicho arrenda-

miento acto integrado a su empresa hotelera, exenta del control de la citada Ley. 17 L.P.R.A. sec. 184, ordinales 3 y 4.

▮ Al recurso de la demandante, el 24 noviembre, 1982 expedimos la siguiente orden:

> El demandado recurrido tendrá de término hasta el 15 diciembre, 1982 para mostrar causa por la que no deba revocarse la sentencia recurrida, considerando la inaplicación de la norma de jurisdicción primaria y la inclusión del contrato de arrendamiento en los términos de exención de control concedida a hoteles por el Art. 4(b)(3) de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 184).

La parte recurrida presentó su escrito-contestación con esforzado análisis de las cuestiones jurisdiccional y substantiva promovidas en el juicio. No podemos atender a esta última por falta de determinaciones de hecho, mas encontramos error en la declinatoria de jurisdicción por la sala de Humacao.

El tribunal no resolvió la cuestión crítica de si este caso se regula por la Ley de Alquileres Razonables, que es la fuente de jurisdicción de DACO. Si el foro administrativo carece de jurisdicción, el judicial no puede renunciar al ejercicio de la suya.

▮ La simple radicación de una solicitud de remedio ante el foro administrativo no cohíbe la intervención del tribunal, ni le paraliza si aquél carece de jurisdicción. De otro modo el desahucio quedaría a merced del más frívolo recurso a DACO. Cuando la solicitud de remedio se pide contemporáneamente en ambos foros —judicial y administrativo— es ineludible para el tribunal adjudicar la cuestión jurisdiccional y no podrá declinar su intervención a menos que se demuestre la existencia de jurisdicción en la agencia administrativa. La sala de instancia fundó su sentencia declinatoria de jurisdicción y desestimación de la demanda en la doctrina de jurisdicción primaria que presupone jurisdicción concurrente entre uno y otro foro. *Cf. E.L.A.* v.

*12,974.78 Metros Cuadrados,* 90 D.P.R. 506, 511–514 (1964). Faltando una previa determinación en cuanto a estar o no regulada por la Ley de Alquileres Razonables la renta acordada o de hallarse la recurrente exenta de sus disposiciones como empresa hotelera, 17 L.P.R.A. sec. 184, es prematura y carente de base la desestimación de la demanda por falta de jurisdicción.

Corresponde a la sala de instancia, que recibió prueba sobre los elementos de la relación arrendaticia —tales como naturaleza del negocio operado por la arrendadora, carácter de arrendamiento pactado, y cuantía de la renta mensual exigida en el contrato— determinar si dicho alquiler está controlado por la Ley de Alquileres en cuyo caso tendría jurisdicción el Departamento de Asuntos del Consumidor.

El juez sentenciador cita como precedentes en que sostuvimos la primacía del foro administrativo nuestras decisiones en *Ferrer Rodríguez* v. *Figueroa,* 109 D.P.R. 398, 399, 401 (1980); *Lomas de Carolina Corp.* v. *Tribunal Superior,* 101 D.P.R. 574 (1973); *J.R.T.* v. *A.M.A.,* 91 D.P.R. 500 (1964); *E.L.A.* v. *12,974.78 Metros Cuadrados,* supra; y *Cervecería India, Inc.* v. *Tribunal Superior,* 103 D.P.R. 686 (1975). Mas en ninguno de estos casos estuvo en controversia ni fue cuestionada la jurisdicción de la agencia o funcionario administrativo.

■ La jurisdicción es cuestión de puro Derecho remitida a examen y adjudicación por los tribunales. El juzgador debe ampliar sus determinaciones de hecho especialmente en lo relativo a la naturaleza exenta de control de esta empresa hotelera, pues no podemos originarlas en revisión. Debe adjudicar y concluir, particularmente, sobre la acusada similaridad en las condiciones de este contrato con las de *Talbert* v. *Hilton Hotels,* 78 D.P.R. 283 (1955), en que el convenio fue excluido de control por la Ley de Alquileres. A todos los fines indicados y de ser necesario, podrá la sala de instancia continuar el juicio en los méritos y la

ampliación de pruebas con plena participación de las partes.

*Se expide el auto, y se revocará la sentencia recurrida. Se devuelve el pleito a instancia para la continuación de procedimientos compatibles con lo aquí resuelto, con la deliberada rapidez que tanto la naturaleza del desahucio como su avanzada etapa procesal ameritan.*

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Negrón García no intervino.