Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EMILIO CRUZ PÉREZ<br>Demandante-Recurrido<br><br>V.<br><br>MUNICIPIO DE CAROLINA<br>Demandado-Peticionario | KLCE202301231 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2023CV03443<br><br>Sobre:<br>Sentencia Declaratoria, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de diciembre de 2023.

-I-

Comparece el Municipio de Carolina (parte peticionaria) y solicita que revisemos una determinación del Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) en la que se declaró *no ha lugar* una moción de desestimación presentada por dicha parte. En síntesis, nos plantea que el TPI se equivocó al no desestimar la demanda, resolviendo así, que la misma no estaba prescrita. Adelantamos que estamos de acuerdo con la parte peticionaria, y en consecuencia expedimos el auto y revocamos el dictamen recurrido. Veamos.

El presente caso tiene su origen en una demanda presentada por el Sr. Emilio Cruz Pérez (recurrido), quien fue miembro del Cuerpo de Bomberos del Municipio de Carolina desde el 1997 hasta abril de 2011 cuando se le notificó la destitución de su puesto. Según surge del expediente, la situación específica que provocó la destitución del recurrido ocurrió el 18 de abril de 2009, cuando el

señor Cruz Pérez era la persona asignada al cargo de retén. Como parte de sus responsabilidades éste debía mantenerse en su área durante todo el turno de trabajo para recibir las comunicaciones y llamadas que se recibieran por radio y teléfono, así como atender a las personas que se presentasen personalmente a la estación de bomberos.

El 17 de abril de 2019, el recurrido entró a trabajar en el turno de 10:00 p.m. a 6:00 a.m. desempeñando las funciones de encargado de turno y retén. A las 4:09 a.m. del 18 de abril de 2009, se recibió en el Centro de Mando del Municipio una llamada en la que se informó sobre un fuego en la Urb. José Severo Quiñones. Al recibir la llamada, la persona que la atendió en el Centro de Mando se comunicó por radio con la estación central de Manejo de Emergencias Municipal para que enviaran una ambulancia al lugar del fuego. Luego de activar a Manejo de Emergencias, esa persona intentó comunicarse con los Bomberos Municipales por medio del radio de comunicaciones y por medio de teléfono, pero no tuvo éxito. Los Bomberos Municipales de Carolina nunca llegaron al lugar del incendio, en el que falleció un menor de edad.

A raíz de esto, el Municipio realizó una investigación administrativa dirigida a determinar las razones por las cuales los Bomberos Municipales no acudieron a la escena del siniestro. De la investigación surgió que entre 1:00 a.m. y 5:30 a.m. el señor Cruz Pérez, junto con su compañero de turno, estuvieron acostados en el área de los dormitorios con la luz apagada. Así las cosas, la investigación administrativa culminó con la destitución del señor Cruz Pérez por cometer la falta número 19 de la sección 8.3 del Reglamento de Normas de Conducta y Medidas Correctivas del Municipio de Carolina. Dicha falta número 19 dispone:

(19) Incurrir en actos de negligencia o descuido en las ejecuciones de sus tareas, deberes y obligaciones como empleado. Se podrá aplicar la destitución dependiendo del impacto económico o moral que esta tenga.

La violación a la falta 19 consistió en que el señor Cruz Pérez fue negligente al intencionalmente abandonar el área de retén e irse a los dormitorios a acostarse con la luz apagada, con pleno conocimiento de que el retén de un turno no puede abandonar su área de trabajo en ningún momento. El señor Cruz Pérez no estuvo de acuerdo con la decisión del Municipio y en mayo de 2011 presentó una apelación ante la Comisión Apelativa del Servicio Público (en adelante, CASP), en la que impugnó su destitución. El caso estuvo seis años en espera de que se celebrara la vista, la que se celebró los días 16 de octubre de 2018, 11 de diciembre de 2018 y 19 de febrero de 2020. El 14 de junio de 2022, la CASP emitió su resolución en la que declaró ha lugar la apelación del señor Cruz Pérez y ordenó su restitución en el empleo y el pago de los salarios dejados de percibir mientras estuvo destituido.

El Municipio no estuvo de acuerdo con la decisión de la CASP y presentó un recurso de revisión judicial de decisión administrativa ante este foro apelativo intermedio, en el que se confirmó la decisión de la CASP. La decisión administrativa de la CASP advino final y firme en junio de este año. El 2 de agosto de 2023, el señor Cruz le envió al Municipio una notificación de intención de demanda al amparo del Artículo 1.051 del Código Municipal, 21 LPRA sec.7082. Al día siguiente, el señor Cruz presentó una demanda de daños y perjuicios en la que alegó que:

1. sufrió daños emocionales debido a su destitución ilegal, por los que reclamó una compensación de un millón de dólares;

2. sufrió daños generales y especiales por los que reclamó una compensación de doscientos cincuenta mil dólares; y

3. tiene derecho al pago de las costas del caso y a cuatrocientos doce mil quinientos dólares por honorarios de abogado.

El 24 de agosto de 2023, el Municipio presentó una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil basada en que de las propias alegaciones de la demanda surge que (a) la demanda está prescrita, (b) el Tribunal carece de jurisdicción porque el señor Cruz Pérez incumplió con el requisito de notificación que establecía el Art. 15.003 de la Ley de Municipios Autónomos, (c) el único remedio que tiene el señor Cruz Pérez es al pago de los salarios y licencias dejados de devengar, y (d) los municipios están exentos del pago de honorarios de abogado, y el límite de daños es de $75,000 por demandante.

El 5 de octubre de 2023, el señor Cruz Pérez presentó su oposición en la que alegó que la demanda no está prescrita al amparo de lo dispuesto en el Artículo 1.050(f) del Código Municipal, y que cumplió con el requisito de notificación porque presentó su apelación a la CASP dentro de los 90 días luego de su destitución. Al día siguiente, el TPI dictó una resolución en la que declaró no ha lugar la moción de desestimación.[1]

Ese mismo día, el Municipio presentó una moción de reconsideración en la que alegó, entre otras cosas, que el Artículo 1.050(f) del Código Municipal no aplicaba a los hechos de este caso, y, aun si le aplicara, el caso estaría prescrito. El 25 de octubre de

---

[1] La Resolución recurrida dispone: *Examinada la posición de ambas partes, el Tribunal declara no ha lugar, a la Moci[ó]n de Desestimaci[ó]n presentada por el Municipio de Carolina. Se adopta y se hace formal (sic) parte de la presente determinaci[ó]n los fundamentos que surge(sic) de la oposici[ó]n presentada por la parte demandante.* De forma similar fue dispuesta la Moción de Reconsideración presentada por la parte apelante: *Se adopta y se hace formar parte de la presente determinaci[ó]n, los fundamentos que surgen de la Oposición a Moción de Reconsideración.* Véase páginas 22 y 34 del Apéndice del recurso.

Consideramos que las decisiones de los tribunales no pueden carecer de motivación y deben reflejar que el juzgador o juzgadora de hechos ha cumplido con su obligación de justipreciar y resolver las alegaciones presentadas ante su consideración. En ambas determinaciones el TPI no consignó cuales de los varios argumentos expuestos por el recurrido fueron los que guiaron su proceder. Al haber emitido una resolución desprovista de fundamentos, el recurrente, al igual que este Tribunal, ignora las razones por las cuales el TPI resolvió como lo hizo. Esta circunstancia, podría constituir una violación al debido proceso del peticionario. No obstante, debido al resultado alcanzado en esta determinación, y en aras de economía procesal, declinamos ejercer la facultad que nos concede la Regla 83.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

2023, el señor Cruz Pérez presentó su oposición a la moción de reconsideración en la que alegó que la apelación ante la CASP constituyó una reclamación extrajudicial que tuvo el efecto de congelar el término prescriptivo durante los once años que duró el proceso administrativo, y que el Artículo 1.050(f) del Código Municipal es claro en cuanto a que las acciones de empleados basadas en daños y perjuicios sufridos por actuaciones del patrono pueden presentarse una vez concluya el trámite ante la CASP. Ese mismo día, el TPI declaró no ha lugar la moción de reconsideración del Municipio. Nuevamente basó su decisión en los fundamentos expresados por el señor Cruz Pérez.[2] En desacuerdo, la parte peticionaria acudió ante nosotros el 2 de noviembre de 2023 mediante recurso de certiorari en donde expresó que el TPI cometió los siguientes errores:

1. Erró el TPI al resolver que la demanda no está prescrita.

2. Erró el TPI al resolver que el señor Cruz tiene una causa de acción de daños y perjuicios por su despido ilegal, cuando en este no medió discrimen ni hubo violación de derechos civiles o de otras leyes laborales.

3. Erró el TPI al no modificar la solicitud de remedios para limitarla a $75,000 y al no eliminar la partida de honorarios de abogado.

-II-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391 (2021); 800 *Ponce de León v. AIG,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las

---

[2] Véase nota al calce 1.

instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La Regla 52.1 de Procedimiento Civil también dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales regulados por la Regla 56, de la Regla 57, (mecanismo de *injunction*) o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ, supra.*

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-B-

La prescripción extintiva es una figura del derecho sustantivo que extingue el derecho a ejercer cierta causa de acción por la inacción de una parte durante un tiempo determinado. *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 2022 356 (2022); *Cacho González et al. v. Santarrosa* et al., 203 DPR 215, 228 (2019*); Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372-373,

(2012). El propósito de este precepto jurídico es castigar la inercia y estimular el rápido ejercicio de las acciones. *Id.* Así pues, en nuestro ordenamiento jurídico, se parte de la idea de que las reclamaciones válidas se ejercen oportunamente, por lo que una persona no debe estar sujeta a la incertidumbre de una posible reclamación de forma indefinida y en estado de indefensión como consecuencia del paso del tiempo y la pérdida de la prueba. *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 192-193 (2016). De esta forma, se atiende la necesidad de que exista estabilidad y seguridad tanto en las relaciones jurídicas como en el tráfico jurídico. *Cacho González et al. v. Santarrosa et al.*, *supra*, en la pág. 228; *Maldonado Rivera v. Suárez y otros, supra*, en la pág. 192.

La prescripción de las acciones se interrumpe: (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. CÓD. CIV. PR art. 1197, 31 LPRA § 5141 (2020 & Supl. 2023).

El propósito principal de una reclamación extrajudicial es interrumpir el transcurso del término prescriptivo de las acciones; fomentar las transacciones extrajudiciales, y notificar, a grandes rasgos, la naturaleza de la reclamación. *Cacho González et al. v. Santarrosa et al.*, *supra.* Asimismo, para que una reclamación extrajudicial sea efectiva debe cumplir con lo siguiente: (1) ser oportuna; (2) ser presentada por una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4)

existir identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles*, 195 DPR 862, 870 (2016). Por otra parte, nuestro Tribunal Supremo ha establecido que para que surta un efecto interruptor, la reclamación extrajudicial debe ser una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". *Meléndez Guzmán v. Berríos López*, 172 DPR 1010-1020, (2008). Para efectos de prescripción, se ha entendido que una reclamación puede ser cualquier acto que rompe el llamado silencio de la relación jurídica, que sean contrarios a la dejación o abandono del derecho y que hagan, por consiguiente, injusto que el sujeto pasivo pueda quedar beneficiado por el transcurso del tiempo. *Santiago v. Ríos Alonso*, 156 DPR 181, 189-190 (2002). La prescripción no es una figura rígida, sino que la misma admite ajustes judiciales, según sea requerido por las circunstancias particulares de los casos y la noción de lo que es justo. *Id.*

-C-

Cuando un foro administrativo no está facultado por ley para conceder indemnización por daños y perjuicios sufridos a causa de una actuación gubernamental, es preciso acudir al foro judicial, dentro del término prescriptivo, en reclamo de los daños y perjuicios que el empleado sufre. Véase *Cintrón v. E.L.A.,* 127 DPR 582 (1990). **Por esto, cuando la acción comience en la esfera administrativa, si es que se pretende reclamar daños y perjuicios, la parte debe acudir al foro judicial dentro del término prescriptivo, quedando la acción judicial suspendida hasta que el dictamen administrativo sea final y firme.** *Id.* (énfasis nuestro) Nuestro Tribunal Supremo ha establecido que es aconsejable que, en esos casos, el foro judicial suspenda la acción judicial hasta tanto el dictamen administrativo advenga final y firme para evitar así la

duplicidad de esfuerzos y determinaciones incompatibles entre los distintos foros. *Cintrón v. E.L.A., supra,* en la pág. 595. *Véase también Acevedo v. Mun. de Aguadilla,* 153 DPR 788 (2001).

Recientemente nuestro Tribunal Supremo reafirmó que es norma firmemente establecida que la procedencia de una acción en daños, que la agencia no puede adjudicar ni conceder, no requiere de la intervención o pericia por parte de la agencia concernida. Por lo cual, en esas instancias la parte puede originar su causa de acción en daños ante los foros judiciales sin previo trámite administrativo, pues la agencia carece de jurisdicción para entender en el asunto. Véase *Muñoz Barrientos v. ELA* 2023 TSPR 105, 212 DPR __2023.

-D-

El Código Municipal de Puerto Rico, 21 LPRA Sec. 7001 et seq., establece en su artículo 2.043 que la CASP será el organismo apelativo del sistema de administración de personal municipal. De otra parte, la Ley Núm. 182-2009, conocida como Ley de Reorganización y Modernización de la Rama Ejecutiva de 2009, 3 LPRA ant. sec. 8821 et  seq., desarrolló el Plan de Reorganización Núm. 2de 26 de julio de 2010 (Plan de Reorganización de la CASP) y mediante éste se estableció la CASP. Con ese plan de reorganización se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH) y la Comisión de Relaciones del Trabajo del Servicio Público (CRTSP). *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 108 (2020).

La CASP es un organismo cuasi judicial que pertenece a la Rama Ejecutiva y se especializa en asuntos obrero patronales y del principio de mérito. Específicamente, atiende casos laborales, de administración de recursos humanos y de querellas en relación con

los empleados que negocian en virtud de la Ley Núm. 45-1998, según enmendada, conocida como Ley de Relaciones del Trabajo del Servicio Público de Puerto Rico, 3 LPRA sec. 1451 et seq. Los empleados públicos cubiertos por la Ley Núm. 8-2017, según enmendada, conocida como Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, 3 LPRA sec. 1469 et seq., y los empleados municipales cubiertos por la Ley Núm. 107-2020, según enmendada, conocida como el Código Municipal de Puerto Rico, *supra,* entre otros casos. Véase *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6, en la pág. 13.

De otra parte, el Art. 8 del Plan de Reorganización de la CASP, 3 LPRA Ap. XIII, Art. 8, establece que entre las facultades, funciones y deberes de la CASP estará: (i) Conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables. Esto incluye, entre otras, órdenes provisionales o permanentes de cesar y desistir; órdenes para la reposición de empleados suspendidos o destituidos, con o sin el abono de la paga atrasada dejada de percibir y la concesión de todos los beneficios marginales a los cuales los empleados hubiesen tenido derecho durante el período de suspensión o destitución; órdenes imponiendo sanciones económicas o procesales a agencias, funcionarios o representantes legales por incumplimiento o dilación de los procedimientos; y órdenes imponiendo sanciones a agencias, organizaciones sindicales o representantes exclusivos, incluyendo la descertificación de estos últimos. *Id.*

El remedio de la reposición en el empleo con el pago de los sueldos dejados de percibir es para reivindicar un despido ilegal. *Estrella v. Mun. de Luquillo,* 113 DPR 617, 619 (1982). El Tribunal añadió que tal pago "[s]e retrotrae a la fecha en que se realizó dicho

despido y se satisface en virtud de los salarios, tal y como si hubiesen sido devengados sin ninguna interrupción". *Id.* Esto responde a que el propósito de este tipo de legislación es uno reparador y busca restituir al empleado afectado a la misma posición que hubiese estado de no haber ocurrido el acto ilegal, en este caso el despido o destitución. *Zambrana García v. ELA et al.*, 204 DPR 328, 336 (2020).

El Art. 11.012 de la derogada, pero vigente al momento de los hechos que nos ocupan, Ley de Municipios Autónomos, 21 LPRA antt. sec. 4562, autorizaba a los municipios a imponer las acciones disciplinarias necesarias para salvaguardar el buen orden y la sana administración pública. En lo pertinente, el mencionado artículo disponía lo siguiente: Cuando la conducta de un empleado no se ajuste a las normas establecidas, la autoridad nominadora municipal impondrá la acción disciplinaria que corresponda. Entre otras medidas se podrán considerar la[s] amonestaci[ones] verbal[es], las reprimendas escritas, las suspensiones de empleo y sueldo, y las destituciones.  En cuanto a los casos de restitución en el empleo y el pago de salarios y haberes dejados de percibir, el inciso (e) del Art. 11.023 de la Ley de Municipios Autónomos, *supra*, 21 LPRA ant. sec. 4572, establecía en su inciso (e) que: En los casos que el empleado haya sido destituido o suspendido de empleo y sueldo, cuando la Junta de Apelaciones del Sistema de Administración de Personal o un tribunal con jurisdicción ordene la restitución al puesto o a un puesto similar al que ocupaba y se complete el proceso de retribución, el pago parcial o total de salarios y se concedan los beneficios marginales dejados de percibir por éste desde la fecha de la efectividad de la destitución o de la suspensión de empleo y sueldo, se eliminará del expediente de personal del empleado toda referencia a la destitución o a la suspensión de

empleo y sueldo de la que fue objeto. En los casos de destitución también se notificará a la Oficina Central de Administración de Personal para que allí se elimine cualquier referencia a la destitución. Disposiciones análogas se encuentran en vigente Código Municipal de Puerto Rico, 21 LPRA secs 7242 y 7249.

-E-

En cuanto a los límites de responsabilidad por daños y perjuicios, el Art. 15.004 de la derogada Ley de Municipios Autónomos, *supra*, establecía que las reclamaciones contra los municipios por daños y perjuicios a la persona o la propiedad, causados por culpa o negligencia de los municipios, no podrán exceder de la cantidad de setenta y cinco mil dólares ($75,000). Cuando por una misma actuación u omisión se causen daños y perjuicios a más de una persona, o cuando sean varias las causas de acción a que tenga derecho un solo perjudicado, la indemnización no podrá exceder la suma de ciento cincuenta mil dólares ($150,000). Dicha ley también establecía que toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o de la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al Alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia. Dicha notificación se entregará al Alcalde, remitiéndole por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho. La referida notificación escrita deberá

presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. Disposiciones análogas se encuentran los Artículos 1.051 y 1.052 del vigente Código Municipal, 21 LPRA secs. 7082 y 7083.

-F-

Mediante la Ley Núm. 24-2023, aprobada el 23 de enero de 2023, se enmendó el Artículo 1.050 del Código Municipal, 21 LPRA sec. 7081 a los fines de añadirle un inciso (f) a dicha disposición legal, la cual establece los asuntos, relativos a los municipios y sus procesos, sobre los cuales el Tribunal de Primera Instancia tiene facultad para considerar. En lo pertinente, el nuevo inciso (f) establece:

> (f) Los asuntos establecidos en este Artículo,--cuya jurisdicción son del Tribunal de Primera Instancia—no incluyen aquellas decisiones de personal emitidas por la autoridad nominadora. Las reclamaciones sobre decisiones de personal son de jurisdicción primaria exclusiva de la Comisión Apelativa del Servicio Público, según lo establece el Artículo 2.043 de este Código y el Artículo 12 del Plan de Reorganización Núm. 2 de 26 de julio de 2010, conocido como "Plan de Reorganización de la Comisión de Servicio Público". Las reclamaciones judiciales en las cuales se soliciten remedios de índole laboral o se incluyan alegaciones de daños y perjuicios fundadas en decisiones de personal podrán presentarse en los tribunales una vez se haya agotado el trámite ante la Comisión Apelativa del Servicio Público, incluyendo la revisión judicial. Si el caso se presenta ante los tribunales para interrumpir cualquier término prescriptivo, el proceso judicial se suspenderá hasta que concluya el proceso ante la Comisión Apelativa del Servicio Público al amparo del Plan de Reorganización Núm. 2 de 26 de julio de 2010 y su reglamento.

Por su relevancia, resulta pertinente citar aquí parte de la Exposición de Motivos de la Ley 24-2023:

[…]

No obstante, a pesar de que la doctrina municipal es sumamente clara y existe jurisprudencia vasta para reafirmarla, muchas decisiones a nivel de instancia han reconocido la jurisdicción del tribunal, contrario al Derecho Municipal vigente. Lo cierto es que la mayoría de las veces las reclamaciones judiciales de empleados municipales basadas en determinaciones de personal vienen acompañadas de alegaciones de daños y perjuicios. En esos casos el Tribunal Supremo ha determinado que cuando la acción comience en la esfera administrativa, <u>si es que se pretende reclamar daños y perjuicios, la parte debe acudir al foro judicial dentro del término prescriptivo</u>, quedando la acción judicial suspendida hasta que el dictamen administrativo sea final y firme. *Acevedo Ramos v. Municipio de Aguadilla,* 153 DPR 788, 803 (2001), y *Cervecería India v. Tribunal Superior,* 103 DPR 686, 691-692 (1975). No obstante, ante la insistencia de algunas determinaciones judiciales de proseguir el caso, muchos municipios han tenido que acudir al foro apelativo para hacer valer el derecho vigente, invirtiendo tiempo y recursos que bien pueden utilizarse en servicios al pueblo.

A tales efectos, esta Asamblea Legislativa, comprometida con los gobiernos municipales y en protección a la buena utilización del erario municipal, aprueba esta Ley de manera que se aclare y especifique la jurisdicción de los tribunales y de la Comisión Apelativa en casos en donde se alegan daños y perjuicios o represalias. En ese supuesto, la Comisión Apelativa del Servicio Público es quien mantiene su jurisdicción, suspendiéndose el proceso judicial, —de haber comenzado— hasta que se hayan agotado los remedios administrativos. (Subrayado nuestro).

-III-

Basta con discutir el primer error planteado por la parte peticionaria para resolver el recurso que tenemos ante nuestra consideración. En este señalamiento de error plantea el Municipio que erró el TPI al resolver que la demanda no estaba prescrita. Examinados los escritos y el derecho aplicable, estamos de acuerdo con este señalamiento de la parte peticionaria. En el caso ante nuestra consideración, el despido injustificado alegado por la parte recurrida ocurrió en el año 2011. Por tal razón los supuestos daños sufridos ocurrieron hace más de 10 años. Como bien establece la jurisprudencia citada, era necesario que el señor Cruz Pérez presentara ante el TPI su reclamación en daños y perjuicios dentro del año de los hechos que provocaron los alegados daños. En aquel momento el TPI, debía detener los procedimientos hasta que la CASP, foro administrativo que dirimía la apelación del despido injustificado, tomara una determinación. Ese es el estado de

derecho vigente desde 1990, cuando se decidió *Cintrón v. E.L.A.*, *supra*, y reiterado en 2001, cuando se resolvió *Acevedo v. Mun. de Aguadilla*, *supra*.

La reclamación de daños y perjuicios presentada por el recurrido no fue interrumpida por ninguno de los trámites en la CASP. La CASP no ostenta jurisdicción para dirimir daños y perjuicios y tampoco puede pasar juicio por las angustias mentales sufridas. El recurrido no presentó reclamación judicial, extrajudicial y tampoco hubo algún reconocimiento de la deuda por parte del Municipio de Carolina. Los trámites en la CASP se limitaron a revisar la decisión del Municipio de destituir al recurrido. La decisión de la CASP estuvo limitada a otorgar el remedio y la compensación establecida para un despido injustificado. No puede el recurrido pretender, amparándose en lo que establece el inciso (f) del Artículo 1.050 vigente Código Municipal, incorporado mediante legislación en enero del presente año, revivir una acción que prescribió hace más de una década. La actuación del demandante-recurrido, de presentar su reclamación en daños y perjuicios, luego de más de 10 años de que sabía que había sido despedido es sorprendente y no está sustentada por la jurisprudencia aplicable. Véase, por ejemplo, *Acevedo v. Mun. de Aguadilla, supra*, a la página 803, donde el Tribunal Supremo consignó que en dicho caso "los empleados demandantes *actuaron correctamente* al acudir al foro judicial, en reclamo de los alegados *daños y* perjuicios que supuestamente sufrieron como consecuencia del despido decretado, dentro del término prescriptivo de un (1) año que establece el Art. 1868 del Código Civil de Puerto Rico, 31 LPRA sec. 5298. *De no haber así actuado, hubieran perdido su causa de acción por daños y perjuicios.*"

De otra parte, si, para fines de argumentación, consideráramos que el inciso (f) del 1.050 del Código Municipal, ampara de alguna manera al recurrido, basta con una lectura a la Exposición de Motivos de la Ley Núm. 24-2023, medida mediante la cual se incorporó el referido inciso, parte de la cual fue transcrita en el acápite -F- de este escrito, para descartar dicha posibilidad. Ello, ante el lenguaje claro en el que se reafirma el interés del legislador de proteger el erario municipal mediante la aclaración de la jurisdicción de los tribunales y donde expresamente se consigna con aprobación lo que antes se plasmara en esta Sentencia: que en casos como el que nos ocupa el Tribunal Supremo ha determinado que cuando la acción comience en la esfera administrativa, si es que se pretende reclamar daños y perjuicios, la parte debe acudir al foro judicial dentro del término prescriptivo, con la particularidad de que la acción judicial queda suspendida hasta que el dictamen administrativo sea final y firme.

Debido a que resolvemos que la demanda está prescrita, resulta innecesario considerar el resto de los errores esgrimidos en el recurso.

-IV-

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos la determinación recurrida. En consecuencia, ordenamos la desestimación, con perjuicio, de la demanda presentada por el recurrido.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos concurre porque, independientemente de si la acción estaba prescrita, la demanda de referencia no expone hechos que podrían justificar la concesión de un remedio, pues, en el tipo de acción laboral subyacente, el

demandante no tiene derecho a remedios adicionales a los concedidos a este antes de la presentación de la demanda.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones